IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,424-01






EX PARTE STEVEN GLEN SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0334509-U IN THE 291ST DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to ten years' imprisonment and a ten thousand dollar fine. The Fifth Court of Appeals
affirmed his conviction. Smith v. State, No. 05-06-183-CR (Tex. App.-Dallas, delivered March 5,
2007, pdr ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance by: (1) failing to
properly and timely object to the testimony of both Kayla Smith and Dr. Gottlieb, the State's expert;
(2) failing to request instructions pursuant to Tex. Code Crim. Pro. Art. 38.07 regarding
corroborative testimony; (3) making improper comments that denigrated Applicant, and (4) failing
to adequately argue that the statute under which Applicant was tried was unconstitutional. Applicant
also contends that appellate counsel was ineffective for filing an Anders brief when there were non-frivolous issues to be raised.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial
court and the State agreed to findings that recommend granting an out of time appeal on the basis
of ineffective assistance of appellate counsel. There is no indication in the record that appellate
counsel was given an opportunity to respond to Applicant's allegations. There are also no findings
by the trial court regarding the Court of Appeals' review of Applicant's pro se appellate brief, which
allegedly raised the claims Applicant states should have been raised by appellate counsel. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall provide Applicant's trial counsel and appellate counsel with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether the issues Applicant states should have been raised by
appellate counsel were heard and rejected by the court of appeals. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 25, 2009

Do not publish